Errol G. **BRYAN**, Plaintiff,

v.

**CITY OF NEW YORK,**
et al., Defendants.

No. 91–CIV–1173 (LJF).

United States District Court,
S.D. New York.

Oct. 18, 1991.

Errol G. Bryan, pro se.

Victor A. Kovner, Corp. Counsel by Diane Betlejeski, Asst. Corp. Counsel, New York City, for defendant City of New York.

## ORDER AND OPINION

FREEH, District Judge.

Plaintiff Errol Bryan ("Bryan") filed this action pursuant to 42 U.S.C. § 1983, claiming that he was assaulted by defendant James Stewart ("Stewart") and other unknown correction officers at the dining hall at the George Motchan Detention Center, Rikers Island. Defendant City of New York (the "City") has moved to dismiss all claims against it on the grounds that Bryan failed to identify a municipal policy or custom responsible for the alleged deprivation of his rights. Bryan, who is proceeding *pro se*, has not responded to or opposed the City's motion. For the reasons below, the motion to dismiss all claims against the City is granted, but Bryan is granted leave to amend his complaint within thirty (30) days from the date of this Order.

## FACTS

Bryan alleges that on November 6, 1989, he was on line to receive food in the dining hall at the George Motchen Detention Center at Rikers Island. At that time, defendant Stewart cursed at Bryan. When Bryan responded in kind, Stewart allegedly jumped over the serving line rail and attacked Bryan. Other, unidentified correction officers and a captain then joined the fracas and also beat Bryan, causing him injury.

## DISCUSSION

In his complaint, Bryan names Stewart and the City as defendants. The City correctly notes, however, that it has no *respondeat superior* liability under § 1983, and thus cannot be held liable for the actions of municipal employees. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). Rather, a municipality may only be held liable for violations of the statute if the plaintiff demonstrates that those employees were implementing governmental policies or customs. *Id.* (actions of government employees must represent "official policy"). *See also City of Oklahoma v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (municipal liability may be imposed under § 1983 if plaintiff demonstrates the municipality deliberately chose to allow inadequate training or supervision of its employees).

In this case, the precise nature of Bryan's claims against the City is not clear. In the absence of allegations of some official policy resulting in the alleged attack, Bryan's claims against the City must be dismissed. However, given that Bryan is proceeding *pro se* in this matter, he will have thirty (30) days from the date of this Order to amend his complaint if some evidence exists that the City's customs or policies were responsible for Stewart's alleged conduct.

SO ORDERED.